MARBET,
*Petitioner,*

*v.*

PAULUS,
*Respondent.*

(SC 29871)

670 P2d 1024

Lloyd K. Marbet, Boring, filed the petition and argued the cause pro se.

Margaret Rabin, Assistant Attorney General, Salem, argued the cause for respondent. On the response to the petition were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Sally Leisure, Special Assistant Attorney General, Salem.

PER CURIAM

## PER CURIAM

Petitioner challenges a ballot title prepared by the Attorney General for an initiative measure that would amend Oregon's radioactive waste disposal site certification statute.

The ballot title, pursuant to ORS 250.035 and 250.065, consists of a caption, question and explanation. The Attorney General's ballot title provided:

"ADDS REQUIREMENTS FOR APPROVAL OF RADIOACTIVE WASTE DISPOSAL SITES

"QUESTION: Should the Energy Facility Siting Council be required to consider additional factors before approving a site for the disposal of radioactive wastes?

"EXPLANATION: This measure would add to existing requirements by requiring the Energy Facility Siting Council to find, before approving a site for the disposal of radioactive wastes, that the site is not subject to water erosion, earthquakes, volcanoes, or landslides; that there is no safer choice for such disposal; and that there will be no radioactive release from the waste site."

The petitioner objects to the use of the word "site" in the last clause of the explanation and claims that it unfairly characterizes the law. The purpose of the initiative, according to petitioner, is to prevent the release of radiation from the waste, not to prevent the release of naturally occurring radiation from the waste site. Further, petitioner notes that the Attorney General's proposed question consists of 22 words, two more than the statutorily allowed maximum of 20. ORS 250.035(1)(b).

The respondent agrees that the inclusion of the word "site" unfairly characterizes the law.

We certify to the Secretary of State the following ballot title, which was also modified in the companion case, *Teledyne Wah Chang v. Paulus,* 295 Or 762, 670 P2d 1021 (1983):

ADDS REQUIREMENTS FOR DISPOSING WASTES CONTAINING NATURALLY OCCURRING RADIOACTIVE ISOTOPES

QUESTION: Should the Energy Facility Siting Council consider additional factors before approving sites for disposing wastes containing naturally occurring radioactive isotopes?

EXPLANATION: This measure would add to existing requirements by requiring the Energy Facility Siting Council to find, before approving a site for the disposal of wastes containing only naturally occurring radioactive isotopes, that the site is not subject to water erosion, earthquakes, volcanoes, or landslides; that there is no safer choice for such disposal; and that there will be no radioactive release from the waste.

Ballot title certified as modified.